Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Olga Viner (SBN 282423)
oviner@gerardfoxlaw.com
**GERARD FOX LAW P.C.**
1880 Century Park East, Suite 1410
Los Angeles, California 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447

*Attorneys for Plaintiff,*
McCandless Group, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| McCANDLESS GROUP, LLC, a Florida Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ASHLYNN BROOKE SCHUYLER, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br> 1) **BREACH OF CONTRACT;**<br> 2) **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br> 3) **GOODS & SERVICES RENDERED;**<br> 4) **ACCOUNTING**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff McCandless Group, LLC ("MG") brings this action against Ashlynn Brooke Schuyler ("Schuyler"), and DOES 1-20 (all together, the "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

This is a breach of contract, accounting and collections case.

## PARTIES

1. Plaintiff McCandless Group, LLC is a limited liability company organized under the laws of Florida with its principal place of business in Doral, Florida. McCandless Group, LLC creates individual websites for actors, models and influencers seeking to monetize their social media following. McCandless Group, LLC creates the websites for its clients and assists them with the technical operations of their website. In exchange, McCandless Group, LLC receives a portion of the revenue that their clients' sites collect each month.

2. Defendant Ashlynn Brooke Schuyler ("SCHUYLER") is an individual. Plaintiff is informed and believes that Ms. Schuyler is a resident of the City of Costa Mesa, Orange County and in the State of California. Ms. Schuyler is a model, actress and social influencer.

3. The true names and capacities of all defendants sued herein as Does 1 through 20 (the "Doe Defendants") are unknown to Plaintiff, who therefore sues such defendants by fictitious names. If necessary, Plaintiff will seek leave of Court to amend this Complaint to state their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that the Doe Defendants are liable to Plaintiff as a result of their participation in all or some of the acts set forth hereinafter.

4. Plaintiff is further informed and believes and therefore alleges that each of the Doe Defendants was the agent of at least one of the named defendants, and in doing the things alleged in this Complaint was acting within the course and scope of

such agency, and/or acted in concert with at least one of the named defendants and is jointly and severally liable to Plaintiff with said named defendants.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this action as a federal matter under 28 U.S.C. § 1332. This Court also has jurisdiction over the state law claims pursuant to ancillary, pendant, and supplemental jurisdiction, including under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Ashlynn Brooke Schuyler because she is domiciled in the City of Costa Mesa, Orange County, California. She is operating multiple websites targeting residents of California. These websites involve paid monthly subscriptions, and many of the subscribers are believed to be California residents. These websites also contain interactive elements, such as chat features.

7. This Court has personal jurisdiction over MG because it operates multiple websites targeting residents of California. These websites involve paid monthly subscriptions, and many of the subscribers are believed to be California residents. These websites also contain interactive elements, such as chat features.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the underlying claims occurred in the Central District of California, and the parties do not all reside in the same state. A substantial part of the underlying tortious activity occurred in this district and its effects were felt in this district. Additionally, at least one defendant is domiciled in the Central District of California.

9. In addition, Paragraph 12 of that certain Website Development Agreement, dated as of June 4, 2021 (the "Website Agreement," a true and correct copy of which is attached hereto as <u>Exhibit A</u>) by and between MG and Schuyler states that "…the Parties agree that any dispute shall be in all respects construed in

accordance with and governed by the laws of the State of Florida without regard to conflict of law principals."

10. The Website Agreement, Paragraph 12, contains a mediation provision which states:

> "12. <u>Governing Law, Jurisdiction.</u> If any dispute arises under the terms of this Agreement, the parties agree to select a mutually agreeable neutral third party to help them mediate such. If the mediation is unsuccessful, the Parties agree that any dispute shall be in all respects construed in accordance with and governed by the laws of the State of Florida without regard to conflict of law principles. Costs and fees (including attorneys' fees) associated with the mediation or arbitration [sic][1] shall be the responsibility of each individual party"

11. Notwithstanding the above, the parties agreed that the mediation would occur in the State of California. Unfortunately, the parties have not yet been able to select a mediator, which makes filing this complaint necessary. Plaintiff is still willing to proceed to mediation if a mutually agreeable mediator can be selected. However, Plaintiff attempted in good faith to select a mediator with Defendants, and all such attempts have failed. The Web Development Agreement on its face do not require mediation be completed before bringing any claims, but even if they did, Plaintiff's attempt to select a mediator proved unsuccessful thereby releasing Plaintiff from any further obligation to pursue this mechanism under the agreement.

//
//
//

---

[1] The Website Agreement does not contain any arbitration provisions or other references to arbitration.

# COMMON FACTUAL ALLEGATIONS

12. MG was started by Nick McCandless ("Nick") on June 23, 2014.[2] MG is an innovative technology company that creates individually owned and operated websites for models and social media influencers who wish to monetize their online following. MG builds and hosts websites for its clients, who in turn create and provide exclusive content to subscribers who pay for a monthly subscription to the individual client's website. These subscribers can then also purchase specific premium content, such as photos and videos. In exchange for creating and running their clients' websites, MG receives a percentage of each client's monthly website revenue.

13. MG's clients run their own businesses, and set their own prices, including the monthly subscription fee for their websites. MG developed and structured the technological infrastructure to handle the billing and subscription aspects of the Clients' websites, and it created an easy interface for its clients to be able to upload the content they create to their websites.

14. In late 2019 or early 2020, Schuyler approached MG as a potential client. MG offered her the chance to create her own website and monetize her social media brand.

15. Schuyler entered into a website development agreement with MG starting in early to mid-2020.

16. Defendant Schuyler used her MG website from 2020. In 2021, as she was a valued client, MG agreed to lower her revenue share from 25% to 23.5% for a new three (3) year term, as stated in the Website Development Agreement (the "WDA") with MG as of June 3, 2021, which MG signed as of June 4, 2021. The WDA is attached and incorporated herein as **Exhibit A**.

//
//

---

[2] MG initially began as a California LLC but converted to a Florida LLC on May 18, 2020, about a month prior to the execution of the subject Website Agreement.

# FIRST CAUSE OF ACTION

## Breach of Contract – Website Development Agreement

### (Against Defendant Schuyler)

17. Plaintiff realleges and incorporates by reference each of the allegations in paragraphs 1 through 16 set forth above.

18. Schuyler entered into the WDA with MG as of June 4, 2021, which is a valid and binding contract. **Exhibit A**.

19. The WDA provides that MG will create and host a website for Schuyler's use but will retain ownership of all intellectual property rights. MG would also handle copyright infringement issues that arise. In exchange, Schuyler would be able to use her own independent website and earn revenue from that website, by regularly posting "paid-unlockable" content. Schuyler would be responsible for posting the link to her MG site in her other social media channels.

20. MG was also entitled to a certain percentage of the revenue earned by Schuyler's website.

21. MG performed all, or substantially all, of the elements of its end of the Schuyler WDA, including sharing creating a website, providing use of MG's technology, ensuring infringed images of Schuyler protected by copyright were taken down and providing a platform for Schuyler to monetize her online following. (See Exhibit A, the Website Development Agreement).

22. All conditions required by the contract for MG's performance were met.

23. Nonetheless, under Plaintiff MG's information and belief, a controversy (or series of controversies arose between the parties as Defendant Schuyler allegedly breached the WDA, by creating a separate website at "www.OnlyFans.com" (https//onlyfans.com/ashskyyxo) and moved or repurposed much of her original content from her MG website to her Only Fans website. Schuyler also changed her other social media sites, including but not limited to the Twitter website (https://twitter.com/ashskyyxo), to link potential customers to her Only Fans website

instead of her MG website. Finally, under information and belief of Plaintiff, Schuyler has failed to post any new/original content on her MG website, but is posting new/original content on her Only Fans website.

24. MG alleges, under information and belief, that Schuyler also created or used additional social media and web-site businesses in addition to her Only Fans website which she uses to market products and services offered.

25. MG alleges, under information and belief, that at some point, Schuyler was generating revenue through her MG website and her Only Fans website. Schuyler then breached the terms of the WDA as some point she was mostly posting new content and operating under her Only Fans website, without paying amounts due to MG under the WDA.

26. When confronted by MG, Schuyler refused to pay for any of the services she agreed MG would provide under the WDA. Ms. Schuyler also refused to post new/original unlockable content and failed to direct potential customers to her MG site, by posting links to her MG website.

27. Schuyler's breaches of the WDA have caused and continue to cause substantial harm and damages to MG.

28. The full amount of harm, given Schuyler's secretiveness and the type of harm suffered by Plaintiff, can be determined only in discovery, an accounting, and as proven at trial, but certainly exceeds $150,000 to Plaintiff MG plus expectation damages.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against Defendant Schuyler)

29. Plaintiff realleges and incorporates by reference each of the allegations in paragraphs 1 through 28 set forth above.

30. MG contracted in good faith with defendant Schuyler, until Schuyler

refused to pay for the services she agreed MG would provide under the WDA, refused to post new/original unlockable content and refused promote her paid unlockable content on her MG site.

31. Schuyler's breaches of the WDA have caused and continue to cause substantial harm and damages to MG.

32. The full amount of harm, given Schuyler's secretiveness and the type of harm suffered by Plaintiff, can be determined only in discovery, an accounting, and as proven at trial, but certainly exceeds $150,000 to Plaintiff MG.

## THIRD CAUSE OF ACTION
## GOODS & SERVICES RENDERED
### (Against Defendant Schuyler)

33. Plaintiff realleges and incorporates by reference each of the allegations in paragraphs 1 through 32, as set forth above.

34. Plaintiff created, hosted and maintained Defendant Schuyler's MG website. Defendant Schuyler started to use said site, but then Defendant Schuyler attempted to terminate the contract early and take her social media and web-site businesses, which she uses to market products and services offered, to another web site provider.

35. The way MG contracts are designed to allow users to create and start using their MG website without a large up-front payment that would otherwise be required.

36. Defendant Schuyler used her MG website from 2020, but in 2021, as she was a valued customer, MG agreed to lower her revenue share from 25% to 23.5% for a three (3) year term, as stated in the WDA. However, there are ongoing costs for hosting a web-site, which MG paid and continues to pay, without receiving said 23.5% revenue share to cover the costs of the goods and services rendered by MG.

37. Plaintiff alleges under information and belief that Defendant Schuyler owes MG twenty-three and one half percent (23.5%) of the gross revenue generated

by Schuyler's social media and web-site business though MG and a further twenty-three and one half percent (23.5%) from her other website businesses, including but not limited to her Only Fans website, which she uses to market products and services offered, pursuant to Section 2 of the WDA attached hereto as Exhibit A.

38. Therefore, as a direct and proximate result of the actions of Defendant, and Does 1-20 inclusive, Defendants allege under information and belief that they have suffered over $150,000.00 in damages, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## ACCOUNTING
### (Against Defendant Schuyler)

39. Plaintiff realleges and incorporates by reference each of the allegations in paragraphs 1 through 38 set forth above.

40. Plaintiff MG alleges under information and belief that Defendant Schuyler has withheld business information, despite request from Defendant MG, regarding sales and revenue being generated from her other social media and website businesses, and has failed to provide proper accountings to Plaintiff for Schuyler's social media and web-site businesses which she uses to market products and services offered, pursuant to Section 2 of the WDA attached hereto as Exhibit A.

41. Furthermore, Plaintiff alleges under information and belief that Defendant Schuyler owes MG twenty-three and one half percent (23.5%) of the gross revenue generated by Schuyler's social media and web-site businesses which she uses to market products and services offered, pursuant to Section 2 of the WDA attached hereto as Exhibit A.

42. A balance due from Defendant to Plaintiff can only be ascertained by an accounting.

43. As a direct and proximate result of the actions of Defendant, and Does 1-20 inclusive, Defendants allege under information and belief that they have suffered over $150,000.00 in damages, or an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### ON THE FIRST CAUSE OF ACTION

1. Compensatory damages according to proof at trial;
2. Actual damages exceeding $150,000;
3. Expectation damages exceeding $150,000.00;

### ON THE SECOND CAUSE OF ACTION

4. Compensatory damages according to proof at trial;
5. Actual damages exceeding $150,000;
6. Expectation damages exceeding $150,000.00;

### ON THE THIRD CAUSE OF ACTION

7. Compensatory damages according to proof at trial;
8. Actual damages exceeding $150,000;
9. Expectation damages exceeding $150,000.00;

### ON ALL CAUSES OF ACTION

10. Legal Fees and Costs of suit incurred herein;
11. Pre- and post-judgment interest; and
12. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

DATED: August 9, 2022      **GERARD FOX LAW, P.C.**

By: /s/ *Gerard P. Fox*
Gerard P. Fox
*Attorneys for Plaintiff*
*McCandless Group, LLC*