SNELL & WILMER L.L.P.
Keith M. Gregory, Bar No. 117837
kgregory@swlaw.com
Aliya L. Astaphan, Bar No. 340162
aastaphan@swlaw.com
350 South Grand Avenue
Suite 3100
City National 2CAL
Los Angeles, California 90071
Telephone: 213.929.2500
Facsimile: 213.929.2525

Attorneys for Defendant
Ashlynn Brooke Schuyler

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCCANDLESS GROUP, LLC, a Florida Limited Liability Company,<br><br>  Plaintiff,<br><br>  v.<br><br>ASHLYNN BROOKE SCHUYLER, an individual; and DOES 1-20, inclusive,<br><br>  Defendant. | Case No. 8:22-cv-01490-DFM<br><br>**DEFENDANT ASHLYNN BROOKE SCHUYLER'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

//

//

**PLEASE TAKE NOTICE** that on October 11, 2022 at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 6B of the above-entitled Court, located at Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, California 92701, defendant Ashlynn Brooke Schuyler ("Ms. Schuyler") will and hereby does move the Court to dismiss all claims in plaintiff McCandless Group, LLC's ("McCandless Group" or "Plaintiff") Complaint.

This Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that the written contract, which is the basis of McCandless Group's complaint, contains a mediation clause requiring mediation as a condition precedent to the right to sue under the contract. McCandless Group's failure to submit its claims to mediation prior to filing the present lawsuit warrant dismissal. Alternatively, this motion is brought to dismiss specific claims alleged in the Complaint pursuant to Florida law.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all recordings and pleadings in this Action, and upon such matters as may be provided at oral argument.

Counsel for Ms. Schuyler attempted to confer with counsel for McCandless Group, as required by Central District Rule 7-3. Counsel for Ms. Schuyler conferred via an August 24, 2022 letter sent to counsel for McCandless Group but McCandless Group's counsel never responded despite Ms. Schuyler's counsel's follow up phone calls and emails to McCandless Group's counsel.

4864-7081-4001

DEFENDANT ASHLYNN BROOKE SCHUYLER'S NOTICE OF MOTION AND MOTION TO DISMISS  8:22-CV-01490-DFM

| | | | |
|---|---|---|---|
| Dated: | September 7, 2022 | | SNELL & WILMER L.L.P. |

By: *(signature)*
Keith M. Gregory
Aliya L. Astaphan

Attorneys for Defendant
Ashlynn Brooke Schuyler

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 7

II. STATEMENT OF FACTS .................................................................................... 7

III. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED ............................................................................................................. 8

    A. Plaintiff's Complaint Must Be Dismissed Because They Failed to Meet Their Contractual Pre-Lawsuit Obligation to Mediate Prior to Filing This Action ............................................................. 9

    B. Alternatively, McCandless Group's Claims Two Through Four Must Also Be Dismissed on Other Grounds ........................................ 11

        1. McCandless Group's claim for breach of the implied covenant of good faith and fair dealing fails because it is duplicative of its breach of contract claim ............................... 11

        2. McCandless Group's claim for goods and services rendered fails because it can only be based on an implied contract and because no goods were involved .......................... 12

        3. McCandless Group's claim for an accounting fails because it must be based on a fiduciary relationship or complexity of the question transaction ................................... 13

IV. CONCLUSION .................................................................................................... 15

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

- 4 -

DEFENDANT ASHLYNN BROOKE SCHUYLER'S NOTICE OF MOTION AND MOTION TO DISMISS 8:22-CV-01490-DFM

# TABLE OF AUTHORITIES

Page

### CASES

*Allied Shelving & Equipment, Inc. v. National Deli, LLC*,
  154 So.3d 482 (Fla. Dist. Ct. App. 2015)...............................................................13

*Armour & Co. v. Lambdin*,
  154 Fla. 86 (1944)...................................................................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................8

*B & O Mfg., Inc. v. Home Depot U.S.A., Inc*,
  No. C-07-02864 JSW, 2007 WL 3232276 (N.D. Cal. Nov. 1, 2007) ....................9

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1988)...................................................................................9

*Bellingham Marine Industries, Inc. v. Del Rey Fuel, LLC*,
  No. CV-12-05164 MMM, 2012 WL 12941958 (C.D. Cal. Oct. 19, 2019) ...........9

*Bergam v. Delulio*,
  826 So.2d 500 (Fla. Dist. Ct. App. 2002).............................................................13

*Bloom v. Frese*,
  123 So.2d 47(Fla. Dist. Ct. App. 1960).................................................................12

*Brosnan v. Dry Cleaning Station Inc.*,
  No. C-08-02028 EDL, 2008 WL 2388392 (N.D. Cal. Jun. 6, 2008) ....................9

*Del Rey Fuel*,
  2012 WL 12941956 ..................................................................................................9

*Hazen v. Cobb*,
  96 Fla. 151 (1928)...................................................................................................12

*Menashi v. American Home Mortg. Servicing, Inc.*,
  No. 8:11-CV-1346-T-23EAJ, 2011 WL 4599816 (M.D. Fla. Oct. 4, 2011) .......14

*Saxon Financial Group, Inc. v. Rath*,
  No. 11-80646-CIV, 2012 WL 3278662 (S.D. Fla., Aug. 9, 2012) .....................11

*Sor Technology, LLC v. MWR Life, LLC*,
  No. 3:18-CV-2358 JNS, 2019 WL 4060350 (Aug. 8, 2019) ..........................9, 10

*Symon v. J. Rolfe Davis, Inc.*,
  245 So.2d 278 ........................................................................................................13

*The Bd. of Trustees of the City of Gainesville Consol. Police Officers' &
  Firefighters' Ret. Plan v. Montag & Caldw*ell, Inc.,
  821 So. 2d 1251 (Fla. Dist. Ct. App. 2002).........................................................14

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
2CAL CITY NATIONAL
LOS ANGELES, CALIFORNIA 90071

**RULES**

Federal Rules of Civil Procedure, Rule 8(a)(2) ......................................................... 8
Federal Rules of Civil Procedure, Rule 12(b)(6) ....................................................... 8

4864-7081-4001

DEFENDANT ASHLYNN BROOKE SCHUYLER'S NOTICE OF MOTION AND MOTION TO DISMISS  8:22-CV-01490-DFM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises from a website development agreement (the "Agreement") entered into between plaintiff McCandless Group, LLC ("McCandless Group" or "Plaintiff") and defendant Ashlynn Brooke Schuyler ("Ms. Schuyler"), whereby McCandless Group agreed to develop and maintain a website for Ms. Schuyler's personal brand. The Agreement was drafted solely by Plaintiff.

When a dispute arose regarding each Parties' respective obligations and duties under the Agreement, McCandless Group filed the above-captioned Action. However, this lawsuit should never have been filed—the Agreement contains a mediation agreement which makes mediation a condition precedent to initiating any legal proceedings under the contract. McCandless Group's Complaint fails to allege any compliance with its contractual pre-filing mediation condition because it has wholly failed to comply. McCandless Group neither requested mediation nor mediated prior to initiating this Action.

Case law is clear that initiating a court action without first mediating the dispute that is subject to a contractual mediation clause warrants dismissal of the court action. Therefore, Ms. Schuyler respectfully requests that the Court grant this Motion and dismiss McCandless Group's Complaint without leave to amend because under these circumstances, amendment would be futile.

Alternatively, if this Court does not grant this Motion due to the McCandless' Group failure to conduct a mediation pursuant to its contract, then this Motion should be granted with respect to specific claims raised in the Complaint pursuant to Florida law.

## II. STATEMENT OF FACTS

McCandless Group filed the Complaint underlying this Action on August 10, 2022. It asserts claims for breach of contract; breach of implied covenant of good

faith and fair dealing; goods and services rendered; and for an accounting. All claims are based on the Parties' alleged obligations and duties under the Agreement[1].

Section 12 of the Agreement provides:
> If any dispute arises under the terms of this Agreement, the parties agree to select a mutually agreeable neutral third party to help them mediate such. If mediation is unsuccessful, the Parties agree that any dispute shall be in all respects construed in accordance with and governed by the laws of the State of Florida without regard to conflict of law principles. Costs and fees (including attorneys' fees) associated with the mediation or arbitration shall be responsibility of each individual party.

Section 12 states that the Parties must mediate any dispute that arises under the Agreement, and then provides further parameters for resolving disputes if the mediation is not successful.

McCandless Group's Complaint alleges that they are willing to proceed with mediation and have made a good faith attempt to select a mediator with Ms. Schuyler. [Plaintiffs' Complaint ("Compl."), ¶ 3.] Ms, Schuyler is ready, willing and able to proceed to mediation as well. The Agreement calls for the parties to agree "to select a mutually agreeable neutral third party to help them mediate such."

## III. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

Federal Rules of Civil Procedure, Rule 8(a)(2) requires that a pleading "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)). Dismissal of a complaint is proper where the pleadings fail "to state a claim upon which relief can be granted." *See* Fed. Rule Civ. Proc. 12(b)(6).

---

[1] The Agreement is attached to the Complaint as Exhibit A.

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "On a motion to dismiss, the court accepts the facts alleged in the complaint as true." *Id*.

### A. Plaintiff's Complaint Must Be Dismissed Because They Failed to Meet Their Contractual Pre-Lawsuit Obligation to Mediate Prior to Filing This Action

"Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." *Brosnan v. Dry Cleaning Station Inc.*, No. C-08-02028 EDL, 2008 WL 2388392, *2 (N.D. Cal. Jun. 6, 2008). District courts throughout California, including in the Central District, dismiss complaints under Rule 12(b)(6) for failure to mediate before filing suit. *See Sor Technology, LLC v. MWR Life, LLC,* No. 3:18-CV-2358 JNS, 2019 WL 4060350, *5 (Aug. 8, 2019); *Bellingham Marine Industries, Inc. v. Del Rey Fuel, LLC*, No. CV-12-05164 MMM, 2012 WL 12941958, *10 (C.D. Cal. Oct. 19, 2019); *Del Rey Fuel, LLC v. Bellingham Marine Industries, Inc.*, No. CV-12-01008 MMM, *9 (C.D. Cal. Apr. 10, 2012); *Brosnan*, 2008 WL 2388392, at *2; *B & O Mfg., Inc. v. Home Depot U.S.A., Inc*, No. C-07-02864 JSW, 2007 WL 3232276 (N.D. Cal. Nov. 1, 2007).

Where a contract requires the mediation, a plaintiff who fails to plead completion of mediation prior to filing suit "fails to state a required aspect of its claims." *Sor Technology*, 2019 WL 4060350, at *3; *see also Del Rey Fuel*, 2012 WL 12941956, at *3 ("a necessary element of plaintiff's cause of action [for breach of a contract containing a mediation clause] is an allegation that it complied with the terms of the parties' agreement by submitting the dispute to mediation prior to filing the complaint").

In *Sor Technology*, the plaintiff filed a lawsuit prior to completing their contractual pre-lawsuit obligation to mediate, arguing that the defendants could not

enforce the mediation provision because they breached the subject agreement by refusing to cooperate with the plaintiff's efforts to mediate the dispute in a timely manner. *Sor Technology*, 2019 WL 4060350, at *3. The *Sor Technology* court held that the plaintiff's argument that the defendants "stonewalled and sabotaged its repeated mediation efforts" did not absolve the plaintiffs of their obligation to mediate the dispute prior to filing the complaint against the defendants. *Id*. The plaintiffs in *Sor Technology* did not, and could not, allege that the defendants refused to mediate. *See Id*. Therefore, they were not excused from complying with the mediation clause. *Id*. Because the plaintiffs failed to adequately plead that they completed mediation or were excused from their obligation to mediate, the court dismissed the complaint. *Id*.

Here, the facts are strikingly similar. First, the Agreement requires mediation of any dispute that arises under its terms prior to initiating a lawsuit. [*See* Complaint, Ex. A, § 12.] Second, McCandless Group does not, and cannot, allege that: (1) they have completed mediation, nor that (2) Ms. Schuyler has refused to mediate. To the contrary, Ms. Schuyler's counsel's repeated attempts to contact the McCandless Group's counsel regarding Ms. Schuyler's desire to initiate mediation have gone unanswered. Therefore, like in *Sor Technology*, McCandless Group has failed to state a required aspect of all of its claims[2] by failing to plead the completion of, or its excuse from completing, its pre-lawsuit obligation to mediate. Thus, like in *Sor Technology*, McCandless Group's Complaint must be dismissed.

In this instance, dismissal with leave to amend would be futile. Since Ms. Schuyler has been attempting to mediate the dispute, McCandless Group cannot amend their Complaint to allege that she has refused to mediate. Additionally, they clearly cannot amend their Complaint to allege that mediation is complete.

---

[2] In addition to Plaintiffs' claim for breach of contract, the remaining claims depend on and make reference to the Agreement which contains the mediation requirement. Since Plaintiffs have failed to plead that mediation has occurred, all of their claims must be dismissed.

1  Therefore, Ms. Schuyler's request to dismiss McCandless Group's Complaint with
2  prejudice should be granted.

### B. Alternatively, McCandless Group's Claims Two Through Four Must Also Be Dismissed on Other Grounds

McCandless Group alleges that the Parties dispute shall be governed by laws of the State of Florida. [*See* Complaint, ¶ 9.] If that allegation is taken as true, as it must be in this Motion, McCandless Group's claims two through four must be dismissed because they fail to state a cognizable legal theory under the laws of the State of Florida, and/or they lack sufficient facts under cognizable legal theories under the laws of the State of Florida.

#### 1. McCandless Group's claim for breach of the implied covenant of good faith and fair dealing fails because it is duplicative of its breach of contract claim.

Under Florida law, a claim for "breach of the implied covenant of good faith and fair dealing cannot be advanced when the allegations underlying that claim are duplicative of the allegations supporting the breach of contract claim." *Saxon Financial Group, Inc. v. Rath*, No. 11-80646-CIV, 2012 WL 3278662, *7 (S.D. Fla., Aug. 9, 2012). Courts must dismiss a claim for breach of implied covenant of good faith and fair dealing that is duplicative of, and therefore indistinguishable from, the claim for breach of the same contract. *See Id*.

In McCandless Group's claim for breach of implied covenant of good faith and fair dealing, they incorporated and realleged their breach of contract allegations. [*See* Compl., ¶ 29.] Further, the express allegations of McCandless Group's claim for breach of implied covenant of good faith and fair dealing are nearly verbatim recitations of its breach of contract allegations:

| Breach of Contract Claim | Breach of Implied Covenant of Good Faith and Fair Dealing Claim |
|---|---|
| "When confronted by MG, **Schuyler** | "MG contracted in good faith with |

| | |
|---|---|
| *refused to pay for* any of *the services she agreed MG would provide under the WDA*." [Compl., ¶ 26 (emphasis added).] | defendant Schuyler, until *Schuyler refused to pay for the services she agreed MG would provide under the WDA*" [Compl., ¶ 30 (emphasis added).] |
| "Ms. Schuyler also *refused to post new/original unlockable content*" [Compl., ¶ 26 (emphasis added).] | "Schuyler … *refused to post new/original unlockable content*" [Compl., ¶ 30 (emphasis added).] |
| "Ms. Schuyler … failed to direct potential customers to her MG site, by posting links to her MG website." [Compl., ¶ 26.] | "Schuyler … refused to promote her paid unlockable content on her MG site." [Compl., ¶ 30.] |
| "*Schuyler's breaches of the WDA have caused and continue to cause substantial harm and damages to MG*.' [Compl., ¶ 27.] | "*Schuyler's breaches of the WDA have caused and continue to cause substantial harm and damages to MG*.' [Compl., ¶ 31.] |

McCandless Group's claim for breach of implied covenant of good faith and fair dealing, which is entirely duplicative of and indistinguishable from its claim for breach of contract, must be dismissed.

        2.    <u>McCandless Group's claim for goods and services rendered fails because it can only be based on an implied contract and because no goods were involved.</u>

Florida law provides a common count claim, like services rendered, can never be based on an express contract. *See Hazen v. Cobb*, 96 Fla. 151, 163 (1928) (stating common count claims can "*never* [be] based upon an express contract no matter whether there is an express contract or not." (emphasis in original)); *see also Bloom v. Frese*, 123 So.2d 47, 49(Fla. Dist. Ct. App. 1960). A claim for

- 12 -

DEFENDANT ASHLYNN BROOKE SCHUYLER'S NOTICE OF MOTION AND MOTION TO DISMISS 8:22-CV-01490-DFM

4864-7081-4001

compensation due to a plaintiff for services rendered seeks a quantum meruit or quasi-contract remedy, and it is not viable when based on an express contract. *See Bergam v. Delulio*, 826 So.2d 500, 503 (Fla. Dist. Ct. App. 2002) (quoting *Symon v. J. Rolfe Davis, Inc.*, 245 So.2d 278, 279 (Fla. Dist. Ct. App. 1971 ("It is well settled that where services are rendered by one person for another which are knowingly and voluntarily accepted, the law *presumes* that such services are given and received in expectation of being paid for, and *will imply a promise to pay* what they are reasonably worth." (emphasis added)).

Here, McCandless Group's goods and services rendered must fail for two reasons. First, the provision of a website development services is not a good. There is no allegation that any "goods" were exchanged[3]. Second, McCandless Group's claim for "goods and services rendered" is based on the express Agreement between the parties. [*See* Compl., ¶¶ 34 ("Plaintiff created, hosted and maintained Defendant Schuyler's MG website. Defendant Schuyler started to use said site, but then Defendant Schuyler attempted to *terminate the contract early* … ." (emphasis added)); 37 (alleging that Ms. Schuyler owes McCandless Group certain percentages of the gross revenue generated by her social media and web-site businesses, "*pursuant to Section 2 of the WDA [Agreement]*… ." (emphasis added)). McCandless Group alleges that its right to the percentages of Ms. Schuyler is entirely based on the written Agreement between them. Therefore, their common count claim for goods and services rendered, which can only be based on an implied contract involving goods, must be dismissed.

      3.   <u>McCandless Group's claim for an accounting fails because it must be based on a fiduciary relationship or complexity of the question transaction.</u>

First, Florida law does not recognize a claim for accounting; however, it

---

[3] "Goods are statutorily defined as all things … which are moveable at the time of identification to the contract for sale." *Allied Shelving & Equipment, Inc. v. National Deli, LLC*, 154 So.3d 482, 483 (Fla. Dist. Ct. App. 2015) (citing § 672.105(1), Fla. Stat. (2011).

1  recognizes a claim for an equitable accounting. *Menashi v. American Home Mortg.*
2  *Servicing, Inc.*, No. 8:11-CV-1346-T-23EAJ, 2011 WL 4599816, *3 (M.D. Fla.
3  Oct. 4, 2011). An equitable accounting requires a fiduciary relationship between the
4  parties involved. *See Armour & Co. v. Lambdin*, 154 Fla. 86, 96 (1944); *The Bd. of*
5  *Trustees of the City of Gainesville Consol. Police Officers' & Firefighters' Ret.*
6  *Plan v. Montag & Caldwell, Inc.*, 821 So. 2d 1251, 1251 (Fla. Dist. Ct. App. 2002).
7  Here, McCandless Group cannot and has not alleged that Ms. Schuyler is a
8  fiduciary to McCandless Group. Thus, McCandless Group is not entitled to an
9  accounting.

10  In the alternative of a fiduciary relationship, Florida law provides that an
11  equitable accounting is appropriate where the questioned transactions are complex
12  and a remedy at law is inadequate. *Abdo v. Sallie Mae, Inc.*, No. 3:11-cv-111-J-32-
13  JRK, 2014 WL 30553172, *2 (M.D. Fla. Jul. 7, 2014). In order to be entitled to the
14  "extraordinary remedy" of an accounting, plaintiffs must allege (and later prove)
15  the complexity of the questioned transaction. *Id*. at *2-3. Courts dismiss claims for
16  an accounting that fail to offer factual support of the complexity of the alleged
17  transactions. *Id*. at *2. Conclusory allegations of complexity will not suffice. *Id*.;
18  *see also Menashi*, 2011 WL 4599816, at*3 (dismissing with prejudice a plaintiff's
19  claim for equitable accounting where the complaint alleged that the contract
20  between the parties "involve[d] extensive obligations and complex accounting," but
21  failed to offer any factual support in the allegations of the complaint). *Menashi*
22  found that the transactions at issue were not complex enough to warrant the
23  extraordinary remedy of an equitable accounting although the plaintiff sought an
24  accounting based on fifteen months of payments. *Id*.

25  Here McCandless Group has not alleged any complexity. Further, it has
26  failed to adequately plead facts to show that there are any complex transactions at
27  issue and that a remedy at law is inadequate. McCandless Group has not even

alleged a time or scope for the accounting. The claim for an accounting must fail.

## IV. CONCLUSION

For the foregoing reasons, Ms. Schuyler respectfully respects that the Court dismiss McCandless Group's complaint with prejudice.

Dated: September 7, 2022         SNELL & WILMER L.L.P.

By: /s/ Aliya L. Astaphan
Keith M. Gregory
Aliya L. Astaphan

Attorneys for Defendant
Ashlynn Brooke Schuyler

4864-7081-4001

- 15 -

DEFENDANT ASHLYNN BROOKE SCHUYLER'S NOTICE OF MOTION AND MOTION TO DISMISS  8:22-CV-01490-DFM