Keith M. Gregory, Bar No. 117837
kgregory@swlaw.com
Aliya L. Astaphan, Bar No. 340162
aastaphan@swlaw.com
SNELL & WILMER L.L.P.
350 South Grand Avenue, Suite 3100
City National 2CAL
Los Angeles, California 90071
Telephone:  213.929.2500
Facsimile:   213.929.2525

Attorneys for Defendant
ASHLYNN BROOKE SCHUYLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

McCANDLESS GROUP, LLC, a
Florida Limited Liability Company,

Plaintiff,

v.

ASHLYNN BROOKE SCHUYLER, an
individual; and DOES 1-20, inclusive

Defendants.

Case No. 8:22-cv-01490-JWH(JDEx)

*Assigned to:*
*Hon. John W. Holcomb*
*Dept. 9D*

**Defendant Ashlynn Brooke
Schuyler's Notice Of Motion And
Motion To Dismiss Plaintiff
McCandless Group, LLC's Second
Amended Complaint;
Memorandum Of Points And
Authorities In Support Thereof**

Date Action Filed:  August 10, 2022
Trial Date:  None Set

**PLEASE TAKE NOTICE** that on February 10, 2023 at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 9D of the above-entitled Court, located at Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, California 92701, defendant Ashlynn Brooke Schuyler ("Ms. Schuyler") will and hereby does move the Court to dismiss all claims in plaintiff McCandless Group, LLC's ("MG" or "Plaintiff") Second Amended Complaint.

This Motion is brought pursuant to Federal Rules of Civil Procedure, Rules 8(a)(2) and 12(b)(6), 12(e) and 12(f) to dismiss MG's claims for failure to state a claim upon which relief may be granted, require a more definite statement, and/or to strike improper materials. This motion is brought on the grounds that the Second Amended Complaint fails to state a claim upon which relief may be granted.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all recordings and pleadings in this Action, and upon such matters as may be provided at oral argument.

Counsel for Ms. Schuyler met and conferred with counsel for McCandless Group, as required by Central District Rule 7-3 on November 30, 2022.

Dated:      January 13, 2023         SNELL & WILMER L.L.P.

By: _____
Keith M. Gregory
Aliya L. Astaphan

Attorneys for Defendant
Ashlynn Brooke Schuyler

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................... 7

II.   STATEMENT OF FACTS ....................................................... 8

III.  MG'S SECOND AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE PLAUSIBLE CLAIMS .................................... 9

    A.    MG Fails to Establish Plausible Right of Publicity Claims ................ 10

    B.    MG Cannot Establish a Claim for Violation of California Unfair Competition Law .................................................. 16

    C.    MG's Breach of Contract Claim Fails Because the Contract as Alleged is Unenforceable Restraint on Trade in the State of California .......................................................... 18

    D.    The Court Must Strike Several Allegations from the Complaint ....... 22

IV.  CONCLUSION ...................................................................... 24

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

CASE NO. 8:22-CV-01490-DFM
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

Cases

*2Die4Kourt v. Hillair Cap. Mgmt., LLC,*
No. SACV1601304JVSDFMX, 2016 WL 4487895 (C.D. Cal. Aug. 23, 2016) .15

*ABF Capital Corp. v. Osley,*
414 F.3d 1061 (9th Cir. 2005) ...............................................................18

*Application Group, Inc. v. Hunter Group, Inc.,*
61 Cal.App.4th 881 ..................................................................................19

*Aschroft v. Iqbal,*
556 U.S 662 (2009)....................................................................................9

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...................................................................................9

*Bi-Rite Enterprises, Inc. v. Button Master,*
555 F.Supp. 1188 (S.D.N.Y. 1983) ........................................................13

*Broad Beach Geologic Hazard Abatement Dist. v. 31506 Victoria Point LLC,*
81 Cal.App.5th 1068 (Cal. Ct. App. 2022)..............................................23

*Brooke v. Cooper House LLC,*
No. 5:21-CV-00507-EJD, 2021 WL 2383342 (N.D. Cal. June 10, 2021)...........10

*Browne v. McCain,*
611 F. Supp. 2d 1062 (C.D. Cal. 2009) ..................................................16

*Cahill v. Liberty Mut. Ins. Co.,*
80 F.3d 336 (9th Cir. 1996) ......................................................................9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
20 Cal.4th 163 (Cal. 1999) ......................................................................22

*Conservatorship of Whitley,*
50 Cal.4th 1206......................................................................................23

*Downing v. Abercrombie & Fitch,*
265 F.3d 994 (9th Cir. 2001) .............................................................16, 18

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

*Durell v. Sharp Healthcare*,
   183 Cal.App.4th 1350 ................................................................................ 17

*Gamble v. GMAC Mortg. Corp.*,
   No. C-08-05532 RMW, 2009 WL 400359 (N.D. Cal. Feb. 18, 2009) ............... 10

*General Signal Corp. v. MCI Telecommunications Corp.*,
   66 F.3d 1500 (9th Cir. 1995) ..................................................................... 18

*Kelly v. Primco Mgmt., Inc.*,
   No. CV1407263BROSHX, 2015 WL 10990368 (C.D. Cal. Jan. 12, 2015) ........ 17

*Maloney v. T3Media, Inc.*,
   94 F. Supp. 3d 1128 (C.D. Cal. 2015) ................................................... 14, 15

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ...................................................................... 9

*Panterra GP, Inc. v. Superior Ct. of Kern Cnty.*,
   74 Cal. App. 5th 697 ............................................................................... 10

*PartyLite Gifts, Inc. v. MacMillan*,
   895 F.Supp.2d 1213 (M.D. Fla. 2012) ....................................................... 19

*Proudfoot Consulting Co. v. Gordong*,
   576 F.3d 1223 ....................................................................................... 20

*Scott v. Snelling and Snelling, Inc.*,
   732 F.Supp. 1034 .................................................................................. 19

*Sony Music Ent., Inc.*,
   448 F.3d 1134 (9th Cir. 2006) ............................................................. 13, 14

*Steckman v. Hart Brewing*,
   143 F.3d 1293 (9th Cir. 1998) ................................................................. 10

*Stryker Sales Corp. v. Zimmer Biomet, Inc.*,
   231 F. Supp. 3d 606 ......................................................................... 19, 20

*Summit Tech. v. High-Line Medical Instruments*,
   922 F.Supp. 299 (C.D. Cal. 1996) ............................................................. 9

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 ......................................................................................... 22

CASE NO. 8:22-CV-01490-DFM
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
LOS ANGELES, CALIFORNIA 90071

*Yellowcake, Inc. v. Morena Music, Inc.*,
  522 F.Supp.3d 747 ....................................................................................17

Statutes

17 U.S.C. §§ 102(a)(5)-(a)(6) ....................................................................14

17 U.S.C §§ 102 and 103 ...........................................................................13

17 U.S.C. § 106 ..........................................................................................14

18 U.S.C. § 2257 ........................................................................................11

Cal. Bus. & Prof. Code § 16600 ................................................................19

Cal. Bus. & Prof. Code § 17200 ..........................................................16, 22

California Civil Code § 3344 .....................................................................16

California Code of Civil Procedure § 1021.5 ......................................22, 23

Rules

Fed. R. Civ. P. 8 ...........................................................................................9

Federal Rules of Civil Procedure Rule 8(a)(2) ...........................................9

Federal Rules of Civil Procedure Rule 12(b)(6) .........................................9

Federal Rules of Civil Procedure Rule 12(e) .........................................9, 10

Federal Rules of Civil Procedure Rule 12(f) ......................................9, 10, 22

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3   This Action is one in which Plaintiff McCandless Group, LLC's principal,

4  Nicholas McCandless, seeks to assert ownership and control over defendant Ashlynn

5  Brooke Schuyler. The McCandless Group, LLC ("MG" or "Plaintiff"), a website

6  developer and operator, created a subscription-based website for Ms. Schuyler, a

7  social media model, where she could post her photographs and videos, and interact

8  with her fans. When Ms. Schuyler decided that she wanted to post some of her

9  content on another website, MG retaliated against her and ultimately filed the instant

10  Action.

11   MG claims that it owns exclusive rights to "any of Schuyler's images" and the

12  "exclusive[] and irrevocable[]" "right, title, and interest … in perpetuity" of any and

13  all of Ms. Schuyler's "digitized photographs, reproductions, video, and any digitized

14  printed material." (Second Amended Complaint ("SAC"), ¶ 23 (internal quotations

15  omitted)). Further MG claims that Ms. Schuyler is prohibited from posting

16  photographs and videos of herself, of which she is the creator/author, on any website

17  other than the website that the McCandless Group controls, and that if she does post

18  her content on other websites, she owes MG the revenue said content generates. (*See*

19  *e.g.*, SAC ¶¶ 17, 25, 28, 29). Essentially, the McCandless Group claims it owns Ms.

20  Schuyler and her likeness in perpetuity, and her ability to engage in her profession

21  and earn a living.

22   MG's Second Amended Complaint ("SAC") against Ms. Schuyler is

23  fundamentally flawed. First, MG's right of publicity claims must be dismissed

24  because, among other deficiencies, they are preempted by the Copyright Act. Second,

25  MG's unfair competition claims must fail because they are derivative of the right of

26  publicity claims, and will therefore not survive the dismissal of the right of publicity

27  claims. Third, MG's breach of contract claim must be dismissed because, as alleged,

28

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

CASE NO. 8:22-CV-01490-DFM
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

the contract at issue is void and unenforceable in California because it would be an unlawful restraint on trade.

## II.    STATEMENT OF FACTS

Plaintiff MG is a website developer in the business of building, hosting, and running the operations for websites for models and influencers who seek to monetize their social medial following. [*See* SAC, ¶¶1, 8.] Subscribers to the MG-created websites pay fees to view website owner's content and chat with them. [*See Id*., at ¶8.]   MG operates the back end of the websites and collects the subscribers' payments. [*See Id*., at ¶ 9.]  In exchange for its website services, MG retains a portion of the revenue collected from the subscribers and pays the remaining revenue from each website to its respective owner. [*See Id*., at ¶¶ 1, 8.]

On around May 9, 2020, Ms. Schuyler entered into a website development agreement (the "WDA") with MG whereby MG agreed to develop and operate a website for Ms. Schuyler (her "MG-created Website") in exchange for a portion of the website's revenue. At the same time, Ms. Schuyler signed a document entitled "Adult Model Release: 2257 Compliant Form" ("2257 Model Release") which included information to verify that Ms. Schuyler was over the age of eighteen. Ms. Schuyler signed substantially similar documents again on June 3, 2021, which were also entitled the WDA and 2257 Model Release.[1]

MG and Ms. Schuyler's business relationship deteriorated when Ms. Schuyler expressed her desire to utilize another subscription-based website to host some of her content. The deterioration of the Parties' business relationship culminated in the McCandless Group filing the present Action which is based on fabricated allegations and baseless legal theories. However, even if the McCandless Group's allegations are taken as true, which they must be for the purposes of the present Motion to Dismiss, the Complaint still fails to state a claim upon which

---

[1] The June 3, 2021 documents are attached to the Second Amended Complaint as Exhibit A.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

1  relief must be granted.

2  **III.  <u>MG'S SECOND AMENDED COMPLAINT MUST BE DISMISSED</u>**
3  **<u>FOR FAILURE TO STATE PLAUSIBLE CLAIMS</u>**

4      Ms. Schuyler moves to dismiss MG's complaint pursuant to Rules 8(a)(2),
5  12(b)(6), 12(e), and 12(f) of the Federal Rules of Civil Procedure.

6      Rule 8(a)(2) requires that a complaint include "a short and plain statement of
7  the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A
8  12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and provides
9  for dismissal of a plaintiff's claim when the complaint fails to assert "a cognizable
10 legal theory" or fails to contain "sufficient facts … to support a cognizable legal
11 theory." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion
12 to dismiss, a complaint must contain sufficient factual matter, accepted as true, to
13 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S 662,
14 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]
15 plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires
16 more than labels and conclusions, and a formulaic recitation of the elements of a
17 cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and
18 alterations omitted). "Factual allegations must be enough to raise a right to relief
19 above the speculative level." *Id.*

20     "A claim has facial plausibility when the plaintiff pleads factual content that
21 allows the court to draw the reasonable inference that the defendant is liable for the
22 misconduct alleged." *Iqbal*, 556 U.S. at 678. "All allegations of material fact are
23 taken as true and construed in the light most favorable to the moving party." *Cahill*
24 *v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). "However, a court
25 need not accept as true unreasonable inferences, unwarranted deductions of fact, or
26 conclusory legal allegations cast in the form of factual allegations." *Summit Tech. v.*
27 *High-Line Medical Instruments*, 922 F.Supp. 299, 304 (C.D. Cal. 1996).

28

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

Additionally, courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Rule 12(e) allows a party to move for a more definite statement when "the allegations in the pleading are so bare that they fail to provide the defendant with sufficient notice." *Brooke v. Cooper House LLC*, No. 5:21-CV-00507-EJD, 2021 WL 2383342, at *1 (N.D. Cal. June 10, 2021).

### A.    MG Fails to Establish Plausible Right of Publicity Claims

MG alleges that the 2257 Model Release constitutes a blanket assignment of "***all*** [of Ms. Schuyler's] right, title and interest … ***in perpetuity***" of Ms. Schuyler's "digitized photographs, reproductions, video and any digitized material." (SAC, ¶ 23 (quoting Ex. A of Ex. 1 of the SAC).) There are several issues with MG's claim. First, the 2257 Model Release is not a valid contract. Second, MG's interpretation of the 2257 Model Release is misleading. Since the 2257 Model Release is incorporated into the SAC, the Court must rely on the 2257 Model Release document itself rather than MG's mischaracterization of what it provides. *See Gamble v. GMAC Mortg. Corp.*, No. C-08-05532 RMW, 2009 WL 400359 (N.D. Cal. Feb. 18, 2009), at *3; *Panterra GP, Inc. v. Superior Ct. of Kern Cnty.*, 74 Cal. App. 5th 697, 712., Third, MG's right of publicity claim is actually its old copyright claim disguised as a new claim. MG cannot replace all of the "copyright" wording in its complaint with "likeness" or "right of publicity" and expect it to magically turn into a valid right of publicity claim. MG's claims for right of publicity is that it owns images of Ms. Schuyler which are photographs and video, and that she has infringed on MG's ownership of those images by posting them on a different website. That is a copyright claim. As such, MG's right of publicity claim is preempted by federal copyright law

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

and must be dismissed.

1.   The 2257 Model Release is not a valid contract.

The 2257 Model Release, which MG alleges is a "separate agreement" from the WDA (SAC, ¶ 22), fails for lack of consideration and insufficient specification of essential terms. The Complaint alleges what consideration supports the WDA. (*See* SAC ¶ 8 ("In exchange for creating and running their clients' websites, MG receives a percentage of each client's monthly website revenue."). However, MG's Complaint does not state what consideration supports the 2257 Model Release. That is because it is not supported by any consideration. Therefore, MG failed to sufficiently plead that the 2257 Model Release is a valid contract. As such, it cannot be construed as a valid agreement to transfer ownership of Ms. Schuyler's content to MG.

2.   At most, MG had a nonexclusive license to use the images that Ms. Schuyler uploaded to her MG Website.

a.   The 2257 Model Release

MG alleges that Ms. Schuyler "granted and assigned to Plaintiff all intellectual property rights related to the Works," and that those rights include "the right to pursue claims related to infringement of those intellectual property rights, such as the use of Defendant's image and likeness in the Works." (SAC, ¶ 48, 54.) That is not what the Release provides.

The 2257 Model Release is entitled, "ADULT MODEL RELEASE: 2257 COMPLIANT FORM." (*See* Ex. A of Ex. 1 of the SAC). A 2257 release is used by producers of adult entertainment in order to comply with 18 U.S.C. § 2257, an anti-child pornography statute, by keeping written records of the ages of performers their productions. *See* 18 U.S.C. § 2257. It is unclear why MG utilized the 2257 Model Release, since it did not produce Ms. Schuyler's photographs or videos, she did. However, MG's misguided use of the 2257 Model Release did not transfer all-encompassing perpetual rights to Ms. Schuyler's likeness to MG. It is simply a release which, at most, gave MG permission to use Ms. Schuyler's "likeness ... as

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

embodied in the Product." (*See* Ex. A of Ex. 1 of the SAC). However, "the Product" is not defined. Therefore, it is not clear what Ms. Schuyler is giving MG permission to use her likeness in.

MG alleges that Ms. Schuyler's "image and likeness" constitutes its intellectual property. It claims that the photographic and video content that Ms. Schuyler uploaded to Schuyler's MG Website are "the Works" which it is the sole owner of. (*See* SAC, ¶ 24.) The 2257 Model Release only "grants Producer … the right to ***use*** [Ms. Schuyler's] name, likeness, image voice, appearance, and performance as embodied in the Product." (*See* Ex. A of Ex. 1 of the SAC). MG does not allege that "the Product" is the same as "the Works." Beyond that, even if they are one in the same, all the 2257 Model Release provides MG is the right to use Ms. Schuyler's likeness as it is embodied in the unspecified Product. It does not grant the ***ownership*** of Ms. Schuyler's likeness in the unspecified Product.

b.    The WDA

MG also relies on the WDA in arguing that it owns all of Ms. Schuyler's intellectual property rights in "the Works," and the right to pursue claims related to infringement of those right. (*see e.g.*, SAC, ¶ 48 (citing SAC Ex. 1, § 7.2). Section 7.2 of the WDA expressly provides that by uploading content to an MG-created website, the content creator grants MG "a ***non-exclusive*** … right to exploit such Content." (SAC Ex. 1, § 7.2). Thus, Ms. Schuyler is not barred from using her content on other websites. In addition, the WDA expressly provides that Ms. Schuyler "reserves all [of her] respective rights, title, and ownership in its respective intellectual property." (SAC Ex. 1, § 6.3). It goes on to provide that MG "may use, reproduce and copy Customer Intellectual Property for the purposes of planning, operating, managing, optimizing, implementing and maintaining the Website." (SAC Ex. 1, § 6.4). Thus, on its face, the WDA does not support MG's intellectual property claims.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

1   Thus, at most, the WDA and 2257 Model Release gave MG a nonexclusive

2   license to use the images of Ms. Schuyler that she uploaded to her MG Website. Ms.

3   Schuyler also has the right to use her content and her image and likeness. Further, a

4   holder of a nonexclusive right of publicity, has no standing to sue for

5   misappropriation of those rights. *See e.g.*, *Bi-Rite Enterprises, Inc. v. Button Master*,

6   555 F.Supp. 1188, 1200 (S.D.N.Y. 1983) ("A nonexclusive licensee acquires no

7   proprietary interest in the publicity rights of the licensor and accordingly has no

8   standing to sue for violation of those rights"). Thus, MG has no standing to assert its

9   right of publicity claims against Ms. Schuyler. The claims must be dismissed.

10             3.     MG's right of publicity claim is preempted by copyright Law

11   Finally, MG claims that it owns "the Works," which are photographs and

12   videos of Ms. Schuyler, created by Ms. Schuyler. (SAC, ¶¶ 24, 48, 54.) And that by

13   uploading "the Works" to other websites, she infringed MG's intellectual property

14   rights in the works. (SAC, ¶¶ 26, 48-51, 54-7.) MG's "right of publicity" claims are

15   actually copyright claims. Thus, they are preempted by federal copyright law and

16   must be dismissed.

17   A right of publicity claim is preempted by the Copyright Act if the claim

18   "concern(s) the subject matter of copyright and [does not] contain qualitatively

19   different elements than those contained in a copyright infringement suit." *Laws. v.*

20   *Sony Music Ent., Inc.*, 448 F.3d 1134, 1145 (9th Cir. 2006). "Under the [Copyright]

21   Act, "the owner of copyright ... has the exclusive rights to do and to authorize" others

22   to display, perform, reproduce or distribute copies of the work, and to prepare

23   derivative works." *Id*. at 1137. "The copyright is the right to control the work,

24   including the decision to make the work available to or withhold it from the public."

25   *Id*.

26   State law claims are preempted by the Copyright Act when they fall within the

27   subject matter of copyright as described in 17 U.S.C §§ 102 and 103, and when they

28

1   rights asserted under state law are equivalent to the rights contained in 17 U.S.C. §

2   106. *Id.*

3                              a.      Subject Matter of Copyright

4        Here, photographs and videos are within the subject matter of the Copyright

5   Act. *See* 17 U.S.C. §§ 102(a)(5)-(a)(6); *see also Maloney v. T3Media, Inc*., 94 F.

6   Supp. 3d 1128, 1136 (C.D. Cal. 2015), aff'd, 853 F.3d 1004 (9th Cir. 2017)

7   (photographs fall within the subject matter of copyright). MG claims that it has the

8   right to "exclusive use of any of Schuyler's images, be it photographs, video,

9   electronic or digital reproductions in any form," [SAC, ¶ 23.] MG further claims that,

10  because it owns the exclusive right to Ms. Schuyler's images, it owns "the Works,"

11  which it defines as the "images and videos Schuyler posted on the MG Website." [*Id*,

12  at ¶ 24.] MG's alleged ownership of "the Work," also known as images and videos

13  of Ms. Schuyler, falls squarely within the subject matter of the Copyright Act.

14  Although it labels its claims as claims for "right of publicity," MG is simply claiming

15  ownership in photographs and videos that happen to feature Ms. Schuyler as the

16  model. The Copyright Act preempts right of publicity when the claimed image or

17  likeness "is contained within a copyrighted medium." *See Laws*, 448 F. 3d 1134,

18  1141.

19       MG's right of publicity claim is preempted because it seeks redress for Ms.

20  Schuyler's alleged publication of "the Works" on other websites, not for the use of

21  Ms. Schuyler's likeness. A right of publicity claim fails if the alleged use of the

22  "plaintiffs" likeness does not extend beyond the use of the copyrighted material."

23  *Maloney*, 94 F.Supp.3d, at 1137 (internal quotations omitted). In *Maloney*, college

24  athletes sued a digital content platform for right of publicity violations after the

25  NCAA entered into an agreement with the defendant for the defendant to store, host,

26  and license photographs of the athletes. *Id*., at 1131. The *Maloney* court held that the

27  photographs fell within the subject matter of copyright because the athletes did "not

28

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

identify any use of their likeness not wholly contained within the photographs." *Id.* at 1137. Like *Maloney*, MG does not identify any use of Ms. Schuyler's likeness that is not wholly contained within the photographs and videos that constitute "the Works."

<b>b.</b>    <u>Equivalent Rights</u>

"To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights." *Maloney*, 94 F.Supp.3d, at 1139 (internal quotations omitted). A right of publicity claim is preempted by the Copyright Act is the plaintiff does not identify "a use of their name[] or likeness[] independent of the display, reproduction, and distribution of the copyrighted images in which they are depicted." *Id.* Without an extra element, the rights asserted under the state law claim are equivalent to the exclusive rights contained in the Copyright Act. *Id.*

MG does not plead any element beyond the rights protected under the Copyright Act in its right of publicity claims. It alleges that Ms. Schuyler is in violation of California's right of publicity laws for "using the Works" on other websites. (SAC, ¶¶ 49-50, 55-7). First, MG's allegation that Ms. Schuyler "used" "the Works" is insufficient. Ms. Schuyler is left to guess that MG is alleging that she is in violation of right of publicity laws for display, reproducing, and distributing her photographs and videos. MG is clearly seeking to protect equivalent rights as it has not identify any use of Ms. Schuyler's name or likeness that is independent of the display, reproduction, and distribution of Ms. Schuyler's copyrighted photographs and videos.

MG's right of publicity claims are woefully deficient and must be dismissed.

<b>4.</b>    <u>MG has not pled a right of publicity claim</u>

"The right of publicity protects the right to profit from the commercial value of one's identity." *2Die4Kourt v. Hillair Cap. Mgmt., LLC*, No.

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

SACV1601304JVSDFMX, 2016 WL 4487895 (C.D. Cal. Aug. 23, 2016), aff'd, 692 F. App'x 366 (9th Cir. 2017), at *6. The elements of a common law claim for right of publicity in California are "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Browne v. McCain*, 611 F. Supp. 2d 1062, 1069 (C.D. Cal. 2009) (internal quotations omitted). MG has not alleged that Ms. Schuyler has used its identity. The elements of a claim for right of possession under California Civil Code § 3344 are the same four as the common law elements plus a knowing use by the defendant and a direct connection between the alleged use and the commercial purpose. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001).

MG has not pled that Ms. Schuyler used its identity or appropriated its name or likeness. Thus, MG has not pled the elements of either right of publicity claim. Thus, MG's right of publicity claims must be dismissed. Even if it had pled it, the WDA and 2257 Model Release do not provide MG with ownership of Ms. Schuyler's name and likeness, only a non-exclusive license to use it in connection with the content uploaded onto Schuyler's MG website. Therefore, it cannot assert a right of publicity claim against the actual identity holder.

### B.   MG Cannot Establish a Claim for Violation of California Unfair Competition Law

MG alleges that Ms. Schuyler has engaged in "unlawful business practices" (*see* SAC, ¶ 61), "unfair competition" (*see Id.*), and "unlawful and unfair business practices" (*see Id.*, at ¶ 62) through "her violation of Plaintiff's common law and statutory rights of publicity" (*Id.*, at ¶ 61), thus violating California Business and Professions Code § 17200*, et seq.* (the "UCL").

A UCL claim under the "unlawful" prong prohibits "an act or practice, committed pursuant to business activity, that is at the same time *forbidden by law*."

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

*Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1361 (emphasis in original). "When the underlying legal claim that supports a UCL cause fails, however, so too will the derivative UCL claim." *Yellowcake, Inc. v. Morena Music, Inc.*, 522 F.Supp.3d 747, 772. MG's UCL claim relies on its right of publicity claims. Thus, if MG's right of publicity claims against Ms. Schuyler are dismissed, the UCL claim must also be dismissed. *See Kelly v. Primco Mgmt., Inc.*, No. CV1407263BROSHX, 2015 WL 10990368 (C.D. Cal. Jan. 12, 2015), at *13 (holding that the plaintiff had to prevail on her right of publicity claim in order to prevail on her derivative UCL claim).

A UCL claim under the "unfair" prong prohibits conduct that "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition, or when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* (internal quotations omitted).

It is unclear whether MG has even alleged a claim under the "unfair" prong of the UCL. It has alleged the conclusion that Ms. Schuyler's "acts of unfair competition" have harmed MG and that MG is entitled to restitution because of Ms. Schuyler's "unfair business practices," but it has not pled that Ms. Schuyler violated any anti-trust law, the policy or sprit of those laws, has threatened or harmed competition, or that her actions have injured consumers. Thus, if MG alleges that Ms. Schuyler has violated the unfair prong of the UCL, it has not sufficiently pled the cause of action.

MG's UCL claim against Ms. Schuyler fails under both the unlawful and unfair prongs. Therefore, the UCL claim must be dismissed.

1

**C.**   **MG's Breach of Contract Claim Fails Because the Contract as Alleged is Unenforceable Restraint on Trade in the State of California.**

2

3   A federal district court exercising diversity jurisdiction must apply the choice

4   of law rules of the state in which the court is located. *Downing v. Abercrombie &*

5   *Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001). "Under California choice-of-law rules,

6   we must apply the law designated by the contractual provision unless (1) the chosen

7   state has no substantial relationship to the parties or transaction; or (2) such

8   application would run contrary to a California public policy or evade a California

9   statute." *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500,

10   1506 (9th Cir. 1995).

11   Here, MG is a Florida entity. Therefore, a substantial relationship to Florida

12   exists as it relates to the choice of law provision. *See ABF Capital Corp. v. Osley*,

13   414 F.3d 1061, 1065 (9th Cir. 2005)[2].

14   The next issue is whether the application of Florida law to the Agreements is

15   contrary to California's fundamental public policy. *See Id*. at 1066. If Florida law

16   "conflicts with a fundamental California policy then we evaluate whether California

17   has a materially greater interest than the chosen state in resolution of the issue." *Id*.

18   The Complaint alleges that the WDA prohibited Ms. Schuyler from engaging in her

19   profession on any website other than the website that the McCandless Group

20   created, (SAC¸ ¶ 17); and that if she did, she would be forced to pay "any revenue

21   generated by the OnlyFans Website to MG, (SAC, ¶ 25). Thus, according to the

22   Complaint, the WDA prohibits Ms. Schuyler from engaging in her profession

23   unless Nick McCandless and MG gets a cut, although they are not her agents,

24   managers, employers, partners, and although they are not authors of Ms. Schuyler's

25   content.

26   The WDA and 2257 Model Release that MG alleges prohibit Ms. Schuyler

27

28

---

[2] "A substantial relationship exists where one of the parties is domiciled or incorporated in the chosen state." *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1065 (9th Cir. 2005).

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL 2CAL
LOS ANGELES, CALIFORNIA 90071

from engaging in her profession are certainly contrary to California's fundamental public policy as they severely restrain Ms. Schuyler from engaging in her profession. Covenants not to compete and restraints on trade are invalid under California law. *See* Cal. Bus. & Prof. Code § 16600 ("every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void"); *see also Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881, 895. On the other hand, Florida law "permits the enforcement of contracts restricting or prohibiting competition during or after the term of the restrictive covenant so long as the contracts are reasonable in time, area, and line of business." *PartyLite Gifts, Inc. v. MacMillan*, 895 F.Supp.2d 1213 (M.D. Fla. 2012). Therefore, there is a conflict between Florida substantive law and California substantive law.

Since a conflict between Florida substantive law and California substantive law exists, in order to determine which law controls, the Court must determine whether California's prohibition on contracts that restrain trade constitutes fundamental public policy. Indeed, California's prohibition of noncompetition agreements, which is memorialized in California Business and Professions Code section 16600, is one of its most fundamental public policies. *See e.g.*, *Scott v. Snelling and Snelling, Inc.*, 732 F.Supp. 1034, 1039-40 (stating that Cal. Bus. & Prof. Code section 16600 "has been held by California courts to represent a *strong* public policy *which would override the choice of law provision in the contract* at least with regard to the restrictive covenant" (emphasis added)); *Stryker Sales Corp. v. Zimmer Biomet, Inc.*, 231 F. Supp. 3d 606, 621 (stating that Cal. Bus. & Prof. Code section 16600 "represents a fundamental public policy in California and that it should override contractual choice-of-law provisions.").

Finally, since California's prohibition of contracts that restrain trade constitutes fundamental public policy which conflicts with Florida law, it must be

CASE NO. 8:22-CV-01490-DFM
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

determined whether California has a materially greater interest than Florida in resolving the present dispute. The federal court in the Eastern District of California in *Stryker Sales Corp.*, faced a similar issue in determining whether to apply Michigan or California law to a dispute concerning a contract containing a Michigan choice-of-law clause and noncompetition provisions. *See Stryker Sales Corp.*, 231 F.Supp.3d at 618-19. Michigan and Florida law regarding noncompetition agreements are similar because under both states' laws, the validity and enforceability of such an agreement turns on its reasonableness. *Comp. Id*. at 620 ("[u]nder Michigan law, the validity and enforceability of a non-competition agreement turns on its reasonableness), *with Proudfoot Consulting Co. v. Gordong*, 576 F.3d 1223, 1231 (discussing Florida's reasonableness standard for determining the enforceability of restraints on trade). Despite the fact that Michigan had substantial interests in seeing its laws applied because the plaintiff was incorporated in and based in Michigan, the choice-of-law clause provided for the application of Michigan law, and Michigan had an interest in enforcing the contract rights of its citizens, the court found that California's interests were "materially greater." *Id*. at 621. The court reasoned, "nearly all of the events giving rise to plaintiff's causes of action occurred in California;" the ex-employee who allegedly breached the noncompetition agreement was employed by the plaintiff while residing in California; the customers that the ex-employee allegedly solicited in violation of the noncompetition agreement were located in California; and a defendant entity was a California corporation. *See Id*. The court found that California law would apply because California would have a materially greater interest in ensuring that its residents "are not restricted from freely pursing their professions." *Id*.

A similar analysis leads to the same conclusion here. The only factors in favor of applying Florida law are the fact that MG is a Florida entity and the June 2021 Florida choice-of-law provision.

However, California's interest in applying California law to the Agreements is greater. MG was a California entity when Ms. Schuyler, a California resident, initially entered into the Agreement with MG. In fact, MG even alleges that "[m]any of the contracts underlying this action were formed in this district while Plaintiff was domiciled in this district." (SAC ¶ 7). Additionally, Ms. Schuyler has been domiciled in California for the entirety of the time that she has been party to the Agreements, the vast majority of her modeling work takes place in California, and all events giving rise to MG's Complaint took place in California. This is supported by MG's Complaint. MG alleges that Ms. Schuyler "is operating websites targeting residents of California" and that "many of the [websites'] subscribers are believed to be California residents." [SAC, ¶ 3.] MG also alleges that "a substantial part of the events giving rise to the underlying claims occurred in the Central District of California" and that Ms. Schuyler "undertakes her [allegedly] unlawful activities out of this District." [*Id*., at ¶ 7.] In addition, MG alleges that the contractual relationship between the Parties was formed in California and the subject contract was executed in California. [*Id*.]

California's interests are materially greater than Florida's in the resolution of this dispute as MG is seeking to violate fundamental California public policy by restraining the trade of a California citizen who lives and works in the State of California. Thus, California law applies here to render the breach of contract claim unenforceable. Alternatively, since all provisions of the Agreements which MG claims restrain Ms. Schuyler from competing with her own business (i.e., her MG-created website) or which MG claims restrain her from practicing her profession are invalid under California law, all corresponding allegations in the Complaint must be stricken. This includes allegations that Ms. Schuyler is prohibited from posting the photographs and videos that she authors on other subscription-based websites and allegations that if she does post her content on other subscription-based

1    websites, she must pay any revenue she generates to MG.

2        **D.**    **The Court Must Strike Several Allegations from the Complaint**

3        Under Rule 12(f) of the Federal Rules of Civil Procedure, a court is authorized

4    to strike allegations in a complaint that are immaterial and/or impertinent. *See* Fed.

5    R. Civ. P. 12(f). A matter is immaterial if it "has no essential or important relationship

6    to the claim for relief … being pled." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d

7    970, 973 (internal quotations omitted). A matter is impertinent if it does "not pertain,

8    and [is] not necessary, to the issues in question." *Id*. (internal quotations omitted). If

9    the Court does not grant Ms. Schuyler's motion to dismiss any of MG's claims, there

10   are several matters which it should strike from the Complaint.

11       1.    The Court should strike all allegations related to attorneys' fees
                and costs.

12

13       MG seeks attorneys' fees for its breach of contract claim. However, neither the

14   WDA nor the 2257 Model Release provide for attorneys' fees in litigation between

15   the Parties. Instead, the WDA provides that Ms. Schuyler must indemnify MG

16   against third party claims. (*See* SAC Ex. 1, § 9.) Further, no applicable statute

17   provides for attorneys' fees and costs. Therefore, MG is not entitled to attorneys' fees

18   for its breach of contract claim and all allegations seeking attorneys' fees for that

19   claim must be stricken.

20       MG also seeks attorneys' fees on fourth cause of action for unfair competition

21   under Bus. & Prof. Code, § 17200, *et seq*. (SAC, ¶ 65.) However, the law is clear that

22   MG is not entitled to attorneys' fees or costs on an unfair competition claim. *See Cel-*

23   *Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163,

24   179 (Cal. 1999) (stating that plaintiffs may not receive attorneys' fees in unfair

25   competition claims under California law). MG alleges that it is entitled to attorneys'

26   fees and costs for its unfair competition claim under California Code of Civil

27   Procedure ("CCP") § 1021.5. However, CCP § 1021.5 does not apply here. CCP

28

SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
CITY NATIONAL PLAZA
LOS ANGELES, CALIFORNIA 90071

§1021.5 codifies the "private attorney general" doctrine and provides for the payment of attorneys' fees and costs for "'litigants and attorneys who engage in public interest litigation when there are insufficient financial incentives to justify the litigation in economic terms.'" *Broad Beach Geologic Hazard Abatement Dist. v. 31506 Victoria Point LLC*, 81 Cal.App.5th 1068, 1095-96 (Cal. Ct. App. 2022) (quoting *Conservatorship of Whitley*, 50 Cal.4th 1206, 1211). Under CCP §1021.5, a court has the discretion to award attorneys' fees and costs to a successful party if "(1) plaintiffs' action has resulted in the enforcement of an important right affecting the public interest, (2) a significant benefit, whether pecuniary or nonpecuniary has been conferred on the general public or a large class of persons" and (3) the necessity and financial burden of private enforcement are such as to make the award appropriate." *Id*. (internal quotations omitted). MG has not sufficiently pled that CCP § 1021.5 applies here. Therefore, MG is not entitled to attorneys' fees for its UCL claim and all allegations seeking attorneys' fees for that claim must be stricken..

> 2.   <u>The Court should strike all allegations that MG is entitled to damages that exceed $7,500 for its breach of contract claim.</u>

Section 8.7 of the WDA provides:

> In the event Customer fails to deliver any of the requirements as contained in Sections 8.1-8.6, Customer shall pay to Developer the amount of Seven Thousand Five Hundred Dollars ($7,500) in liquidated damages upon notice from Developer of such failure without curing of such within five (5) days.

The provision speaks for itself. The most that MG can recover for breach of the WDA is $7,500. Therefore, any allegations or prayers for relief in which MG seeks more than $7,500 on its breach of contract claim should be stricken.

## IV.  **CONCLUSION**

For the foregoing reasons, Ms. Schuyler respectfully requests that the Court dismiss all of MG's claims, or if not all claims are dismiss, that the Court strike the allegations described above.

Dated:  January 13, 2023                    SNELL & WILMER L.L.P.

By: _____
     Keith M. Gregory
     Aliya E. Astaphan

Attorneys for Defendant
ASHLYNN BROOKE SCHUYLER

CASE NO. 8:22-CV-01490-DFM
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

The undersigned, counsel of record for Ashlynn Schuyler, certifies that this brief contains 5805 words, which complies with the word limit of L.R. 11-6.1.

Dated:  January 13, 2023

SNELL & WILMER L.L.P.

By: _____
Keith M. Gregory
Aliya E. Astaphan

Attorneys for Defendant
ASHLYNN BROOKE SCHUYLER