JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01490-DOC-KES                       Date: June 6, 2023

Title: MCCANDLESS GROUP, LLC v. ASHLYNN BROOKE SCHUYLER

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Erica Bustos for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO DISMISS [30]**

Before the Court is Defendant's Motion to Dismiss ("Mot.") (Dkt. 30). The Court heard oral argument on April 11, 2023. For the reasons below, the Court GRANTS Defendant's Motion.

### I. Background

This is an action for breach of contract, right of publicity violations under California Common Law and California Civil Code § 3344, and unfair competition violation under California Business and Professions Code §§ 17200, *et seq*. Second Amended Complaint ("SAC") (Dkt. 28) ¶ 1.

### A. Facts

Plaintiff McCandless Group, LLC ("Plaintiff" or "MG") is a company that claims to create and maintain individual websites for models and influencers in exchange for a portion of the monthly revenue that its clients' websites generate. SAC ¶ 2. Defendant Ashlynn Brooke Schuyler ("Defendant" or "Schuyler") "is a model, actress, and social influencer." *Id.* ¶ 4. Around early to mid-2020, Schuyler entered into a website

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01490-DOC-KES               Date: June 6, 2023

Page 2

development agreement with MG. *Id.* ¶ 13. On June 3, 2021, Schuyler signed a new website development agreement ("the WDA") which stipulated that MG was to maintain a website for Schuyler to post daily content and generate revenue, of which MG would get 23.5 percent, for a three-year term. *Id.* ¶¶ 15-20. In pertinent part, section 3.3 of the WDA disallowed Schuyler from providing for a different subscription service during the three-year term without giving MG 23.5 percent of the revenue. *Id.* ¶ 38. Additionally, section 8.3 of the WDA disallowed Schuyler from reposting content posted on her MG website elsewhere. *Id.* ¶ 40.

On June 3, 2021, Schuyler also signed a form called the "Adult Model Release: 2257 Complaint Form" ("the 2257 Form"). *Id.* ¶ 22. Plaintiff alleges that the 2257 Form granted MG, among other things, "the 'exclusive[] and irrevocable[]' ownership of 'all right, title and interest … in perpetuity' of Schuyler's 'digitized photographs, reproductions, video and any digitized printed material,' which are 'perpetual and worldwide,' meant to 'survive Schuyler's death and any other occurrence,' and she expressly reserved no rights therein." *Id.* ¶ 23.

MG alleges that around February 2022, Schuyler created a separate website on www.OnlyFans.com ("the OnlyFans website"), on which Schuyler made available some of the content that was available on her MG website. *Id.* ¶¶ 25-26. MG claims that Schuyler essentially adopted the OnlyFans website in replacement of her MG website by ceasing to post content to her MG website and altering her social media to direct her followers to the OnlyFans website. *Id.* ¶¶ 27-28. On March 29, 2022, MG requested mediation. *Id.* ¶ 30. The parties went through a mediation proceeding in October 2022 but failed to reach a successful resolution. *Id.*

### B.     Procedural History

Plaintiff filed the instant Second Amended Complaint on December 16, 2022 ("SAC") (Dkt. 28). Defendant filed their Motion to Dismiss on January 13, 2023 ("Mot." Or "Motion") (Dkt. 30). Plaintiff opposed the Motion on January 27, 2023 ("Opp.") (Dkt. 34). Defendant replied on February 3, 2023 ("Reply") (Dkt. 36).

### II.    Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01490-DOC-KES                                                                 Date: June 6, 2023

Page 3

Civ. P. 8. Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

      In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

      When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01490-DOC-KES                                    Date: June 6, 2023

Page 4

### III. Discussion

Defendant moves to dismiss Plaintiff's claims, contending that (1) MG fails to establish plausible right of publicity claims, (2) MG cannot establish a claim for violation of California Unfair Competition Law, (3) MG's breach of contract claim fails because the contract as alleged is unenforceable restraint on trade in the State of California, and (4) that the Court must strike all allegations related to attorney's fees and all allegations that MG is entitled to damages exceeding $7,500 for its breach of contract claim in the event that any claim is not dismissed. The Court considers each issue in turn.

### A. Right of Publicity Claims

The right of publicity is a California common law action designed to protect a person's name and likeness against unauthorized exploitation for commercial purposes. *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664, 679 (2010), *as modified on denial of reh'g* (Feb. 24, 2010).

Defendant argues that Plaintiff's right of publicity claims fail for several reasons. Mot. at 10-16. First, Defendant alleges that the 2257 Form is not a valid contract that transfers ownership of Schuyler's content to MG due to a lack of consideration. *Id.* at 10. Second, Defendant contends that even if the 2257 Form were valid, MG misconstrues its meaning. *Id.* Third, Defendant argues that Plaintiff's right of publicity claims are preempted by federal copyright law because they are copyright claims in substance. *Id.* Finally, Defendant alleges that Plaintiff failed to adequately plead a right of publicity claim either under California Common law or under California Civil Code § 3344 *et seq*. *Id.* at 15-16. Plaintiff opposes, contending that the 2257 Form is valid because it provides adequate consideration. Opp. at 14. Plaintiff also argues that they have adequately pled a right of publicity claim that is not preempted by federal copyright law. *Id.* at 13-22.

In the Ninth Circuit, pleading a right of publicity claim under California Common Law requires a showing of: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 724 F.3d 1268, 1273 n. 4 (9th Cir. 2013) (quoting *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664, 105 Cal. Rptr. 3d 98, 111 (internal quotation marks omitted)). The elements for a pleading under California Civil Code § 3344 are the same, with an additional requirement for the plaintiff to prove "a knowing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01490-DOC-KES                                                      Date: June 6, 2023

Page 5

use by the defendant as well as a direct connection between the alleged use and the commercial purpose." *Id.*

These additional terms in the "Terms and Conditions" section of the 2257 Form are not supported by consideration. The 2257 Form is an age verification form that includes additional boilerplate terms in a "Terms and Conditions" section describing a general release for permission to use Defendant's likeness. The use of the 2257 Form to verify Schuyler's age may be legitimate, but the "Terms and Conditions" section cannot give Plaintiff any rights without adequate consideration. Further, even if there was some consideration, these additional terms certainly do not grant Plaintiff "in perpetuity all right, title and interest" to any of Schuyler's digitized materials as alleged in the Opposition. Opp. at 4:8-11; Opp. at 16:10-13.

The additional terms cannot stand alone as a binding contract, nor can they modify the provisions in the WDA due to lack of consideration. Simply reciting the word "consideration" *Id.* at 2:2-6, is insufficient. Defendant received nothing by way of the "Terms and Conditions" section of the 2257 Form. Plaintiff claims that it is "reasonable to infer from the allegations that the underlying consideration for the Release was Plaintiff's willingness to engage with Defendant in the first place." *Id.* at 14:19-21. If anything, this may support the Form's use as an age-verification tool, but this does not represent consideration for the "Terms and Conditions" because Plaintiff already expressed willingness to engage with Defendant as a client through the WDA and offers no new consideration to support a new contract or modification. It is unclear why Plaintiff failed to include these "Terms and Conditions" in the WDA if they intended them to be part of the contract that governed the parties' business relationship. Thus, the Court finds the terms in the "Terms and Conditions" section of the 2257 Form unenforceable.

Moreover, the Court finds that Plaintiff fails to adequately plead right of publicity claims either under California common law or California Civil Code § 3344. Plaintiff misrepresents several elements of the right of publicity claim. Plaintiff McCandless is apparently suing Defendant for unauthorized commercial use of *Defendant's own* image. Right of publicity claims are intended by California common law and in California statutes to address a specific kind of harm (using the identity of *another* without consent) that is not demonstrated here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01490-DOC-KES　　　　　　　　　　　　　　　　Date: June 6, 2023

Page 6

Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's right of publicity claims under California Common Law and California Civil Code § 3344.

### B.  California Unfair Competition Law

Defendant argues that Plaintiff's unfair competition claim relies on the underlying right of publicity claims and should thus be dismissed if the right of publicity claims are dismissed. Plaintiff refers to its unfair competition claim as "attendant" to its right of publicity claims and rests its argument for its unfair competition claim on those presented for its right of publicity claims. Opp. at 13:10-11; Opp. at 22:13-17. Because the Court dismisses Plaintiff's right of publicity claims, the Court DISMISSES WITH PREJUDICE Plaintiff's unfair competition claim.

### C.  Breach of Contract: Unenforceable Restraint on Trade

Defendant contends that Plaintiff's breach of contract claim regarding the WDA fails because it is unenforceable restraint on trade in California. Mot. at 18:1-2. Defendant argues that California law should govern although Schuyler signed a choice of law provision designating Florida law as applicable to any disputes that arise under the WDA. *Id.* at 18-21. Plaintiff opposes by arguing that Florida law applies, under which the contract is enforceable, or alternatively that the contract is enforceable under California law. Opp. at 8-13.

The Ninth Circuit recognizes "a strong policy favoring enforcement of [choice of law] provisions." *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1065 (9th Cir. 2005) (quoting *Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*, 38 Cal. App. 4th 1532, 1544 (1995)). However, the Ninth Circuit does not apply the law designated by the contractual provision if "(1) the chosen state has no substantial relationship to the parties or transaction; or (2) such application would run contrary to a California public policy or evade a California statute." *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1506 (9th Cir. 1995). With regard to the second element, the application of the law designated by contractual provision must be contrary to a "fundamental California policy." *ABF Cap. Corp. v. Osley*, 414 F.3d 1061, 1065 (9th Cir. 2005) (citing *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 456, 465-66 (1992)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01490-DOC-KES							Date: June 6, 2023

Page 7

1. **Florida's Relationship to the Parties**

The Court recognizes that Plaintiff MG is technically a Florida entity, meaning that a substantial relationship to Florida exists for choice of law purposes. *See ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1065 (9th Cir. 2005).

However, the Court notes that when the parties initially entered into an agreement, both Plaintiff and Defendant were California residents. Mot. at 21. Further, "[m]any of the contracts underlying this action were formed in this district while Plaintiff was domiciled in this district." SAC ¶ 7. Defendant remains domiciled in California, the vast majority of her modeling work takes place in California, and all events giving rise to Plaintiff's claims took place in California. Mot. at 21. Finally, the contract in question was executed in California. *Id.*

Although Florida may have a substantial relationship to the Plaintiff, these considerations suggest that California may have a greater interest in Florida in resolving this dispute.

2. **Applying Florida Law is Contrary to a Fundamental California Policy**

Section 16600 of the California Business and Professions Code provides that "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600.

Although Schuyler signed a clause in the WDA designating Florida law as governing, the application of Florida law would run contrary to California public policy. Defendant argues, and the Court agrees, that limits on restraints on trade constitute a fundamental public policy in California. *See Scott v. Snelling and Snelling, Inc.*, 732 F. Supp. 1034, 1039-40 (N.D. Cal. 1990); *Stryker Sales Corp. v. Zimmer Biomet, Inc.*, 231 F. Supp. 3d 606, 621 (E.D. Cal. 2017). The State of California has a great interest in protecting its citizens' right to work—a much greater interest than Florida has in protecting a corporation attempting to restrict an out-of-state employee's right to work.

It is a violation of Section 16600 of the California Business and Professions Code, a fundamental California public policy, to remove Schuyler's right to work unless her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01490-DOC-KES											Date: June 6, 2023

Page 8

work is conducted through the MG website or gives MG a portion of her revenue. If the exclusivity had been limited and well-defined, such as limiting Schuyler from using specific images posted to her MG website on another website during the three-year term, the Court could find it enforceable. However, Plaintiff restricts Defendant's ability to engage in her profession of online modeling in totality without involvement from MG for the three-year period. WDA ¶ 3.3; Opp. at 10:19-20. As Plaintiff concedes, MG is not Schuyler's employer, Opp. at 8:24-25, so any cases referencing the inapplicability of Section 16600 to current employment agreements is irrelevant.

Rather than limiting its breach of contract claim to specific images, Plaintiff claims that the appearance Schuyler's mere likeness on another subscription website entitles them to a percentage of her earnings. SAC ¶¶ 38, 43. The Court recognizes Plaintiff's effort to portray their breach of contract claim in a limited way by implementing language referencing specific images, such as "the Works." SAC ¶ 24. However, if the Court were to deny this motion, the concern remains that Plaintiff will perceive their rights broadly as encompassing ownership of Schuyler's likeness as they do by consistently asserting that the WDA grants Plaintiff exclusivity regarding Schuyler's likeness through section 3.3. Opp. at 9:22-26.

Plaintiff attempts to argue that removing Schuyler's right to provide for other subscription services does not "foreclose competition in a substantial share of the affected line of commerce," Opp. at 10:21-23 (quoting Sonoma Tires, Inc. v. Big O Tires, LLC, 2013 WL 12174138 8 (N.D. Cal. 2013)), but the Court fails to see how Schuyler could realistically earn income for a substantial share of online modeling other than through online subscription services. The WDA is an overreaching contract that subjects Defendant to servitude by restricting Defendant from modeling online without giving MG a percentage of her proceeds. Plaintiff's attempt to remove Schuyler's right to engage in her profession for three years, Opp. at 10:19-20, is a striking violation of Section 16600 of the California Business and Professions Code.

The portion of the WDA referring to specific images may remain enforceable. Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's breach of contract claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01490-DOC-KES                                      Date: June 6, 2023

Page 9

## IV.  Disposition

For the reasons above, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. 30), **DISMISSES WITH PREJUDICE** Plaintiff's right of publicity claims and unfair competition claims, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's breach of contract claim.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                              Initials of Deputy Clerk: kdu

CIVIL-GEN